**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**JEREMY A. FRENCH,**

      **Petitioner,**

**v.**                              **Case No. 3:19cv408-LC/CAS**

**STATE OF FLORIDA,**

      **Respondent.**

_____/

## REPORT AND RECOMMENDATION

On or about February 12, 2019, Petitioner Jeremy A. French, a state inmate proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  ECF No. 1.  On October 31, 2019, Respondent filed an answer, with exhibits.  ECF No. 18.  Petitioner has filed a reply, ECF No. 19, and an amended reply, ECF Nos. 20, 21.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B).  After careful consideration, the undersigned has determined no evidentiary hearing is required for the disposition of this matter.  *See* Rule 8(a), R. Gov. § 2254 Cases.  The pleadings and attachments before the Court show the petition should be dismissed.  *See* Rule 4, R. Gov. § 2254 Cases (authorizing dismissal "[i]f it

plainly appears from the petition and any attached exhibits that the

petitioner is not entitled to relief" in federal court).

## Procedural Background

By amended information filed September 24, 2015, in Escambia

County Circuit Court case number 1714-CF-3474, the State of Florida

charged Petitioner Jeremy A. French with nine counts in connection with

events that occurred on or about August 13, 2014:  one count of attempted

first degree murder with a firearm; four counts of shooting at, into, or within

a building; one count of possession of a firearm by a convicted felon; and

three counts of aggravated assault by threat with a firearm (actual

possession with discharge).  Ex. A at 8-10.[1]  Following the incident, French

was arrested, jailed, and appointed counsel.  Ex. A at 11-18.

Defense counsel filed a motion to appoint an expert for a competency

evaluation.  Ex. A at 19-20.  By order on September 3, 2014, the circuit

court appointed an expert for a competency evaluation pursuant to Florida

Rule of Criminal Procedure 3.210(b)(1) and section 916.155, Florida

---

[1]Hereinafter, all citations to the state court record, "Ex. –," refer to exhibits submitted with
Respondent's answer, ECF No. 18.

Case No. 3:19cv408-LC/CAS

Statutes.  *Id.* at 25-27; *see id.* at 22-24.  On September 23, 2014, the expert filed a report.  *Id.* at 28-36.

On September 29, 2014, the assistant state attorney filed a motion requesting appointment of a second expert to assess French's competency.  *Id.* at 37.  By order filed October 1, 2014, the circuit judge appointed a second expert.  *Id.* at 38.  On January 12, 2015, the second expert filed a report.  *Id.* at 53-57.  The record also contains a psychological evaluation report filed by an expert retained by French's attorney.  *Id.* at 48-52.  On August 28, 2015, French's attorney filed a Renewed Motion to Determine Competency/Incompetency.  *Id.* at 84.

The court set a trial date and a jury was selected.  Ex. B2 at 179.  At that point, on September 30, 2015, French decided to consider a plea offer from the State.  *Id.* at 179-81.  Defense counsel again asked the court to reconsider the competency finding, pointing out that another judge had found him not competent in 2006 and two doctors suggested he was not competent, while one doctor suggested he was competent.  *Id.* at 181.  The judge stated on the record, "I decline to find that he's incompetent based upon the information that I have, and the observations."  *Id.*  After some

discussion off the record as well as on the record among French, the judge, and defense counsel, French indicated he wanted to sign the plea. *Id.* at 190. A plea colloquy then occurred on the record, in which the judge asked French if he understood he was entering a nolo contendere plea to all nine charges, with no agreement as to a specific sentence, only that the sentence not exceed thirty-five (35) years in prison. *Id.* at 192-94. After additional discussion about the minimum mandatories, the particular charges involved, and whether he could appeal, French again indicated he wanted to go forward with the plea. *Id.* at 194-204. Further discussion occurred on the record, involving the judge and also between French and his attorney. *Id.* at 204-09. French indicated he believed the charge in the first count was wrong but "[t]here's nothing that I can be able to do at this point." *Id.* at 209. The following transpired on the record, with the judge ultimately accepting French's plea as freely and voluntarily made:

> THE COURT: . . . Well, the pleading no contest is something that you would do only if you think it's in your best interest, so that you don't risk going to trial and having a jury find you guilty of a charge which results in a lot longer prison term.

So, my understanding is, that's why you're doing what you're doing.  You're – you're not agreeing in any way whatsoever that you committed Count I.

But that you understand that by entering this plea, that's going to get resolved by this sentence, and you won't be exposed to the potential of life in prison.

THE DEFENDANT:  Yes, sir.

THE COURT:  Okay.  So nobody's asking you to agree that you committed Count 1.  That's not a requirement of entering this plea.

You can still agree to disagree about Count 1, and then still have the benefit of this outcome, if that's what you want.

And, so far, everything you've told me is, Judge, I want to make it clear that I want to enter this plea, but I don't agree that that's the right charge in Count 1.  I don't agree that I did that, what they're charging me with having done in Count 1.

And I hear that loud and clear.  But I also hear that you're saying you want to plead no contest because it's – you believe it's in your best interest.

THE DEFENDANT:  Yes, sir.

THE COURT:  Okay.  Do you feel like I forced you to do this in any way whatsoever?

THE DEFENDANT:  Not you, sir.

THE COURT:  Okay.  Who do you think has forced you?  Are you – do you believe somebody forced you?

THE DEFENDANT:  Mr. Myers [defense counsel].

THE COURT:  Because the State has –

THE DEFENDANT:  Because –

THE COURT:  -- insisted on going forward with this?

THE DEFENDANT:  Because of the threats of me getting life, and a whole bunch of more time if I don't sign this.

And he told – relayed messages through him to tell me that he's tired and he's ready to go forward with it, and he don't really care at this point.  He got enough evidence where he can feel that he be able to find me guilty with the little jury people.

THE COURT:  Okay.  Well, you understand that even though Mr. Myers may be confident about his case, and about going forward, that whether we have a trial or not, right now, is completely in your hands?

Because Mr. Myers can't enter this plea on your behalf.  If you say, Judge, Mr. Myers said these things, he says he thinks he can prove this, and Mr. Myers says – if he proves this, then I'm facing a longer time, but you're the only one that can decide that.

If you enter this plea, then you – then what this provides for is – is – will be what the sentence is.  But if you want to take it to trial, we've got the jury picked, we're ready to go.

THE DEFENDANT:  I don't want to waste your time, Your Honor.

THE COURT:  Sir, I'm coming to work tomorrow whether I'm coming to – to try a case, or do something else.  You don't have to worry about that, okay?

Mr. Myers is not wasting my time, you're not wasting my time, Mr. Mitchell's not wasting my time, okay?

So, either way is just fine with me.  But if you want to go forward with this, knowing that – Mr. Myers is not in control.  All he can do is try his case.  It's going to be up to the jury to decide whether or not they're satisfied with the evidence, and whether they think you're guilty, okay?

Mr. Mitchell will represent you to the best of his ability.

So if you want to go forward with the trial, we're good to go.  But if you don't want to risk that, if you want to go – go ahead and enter this plea, I'm going to accept it right now.

Is that – is that what you want me to do?

THE DEFENDANT:  Yes, sir.

THE COURT:  Okay.  At this time, I'll find the plea is free, voluntarily and knowing.  I will withhold adjudication of guilt.  I will hold – withhold imposition of sentence pending the sentencing hearing.

Now, my sentencing hearing is actually in December, if I'm ordering a presentence investigation because I need long enough to prepare it.

*Id.* at 210-13.  The judge explained:

> . . . I'll receive the presentence investigation –
> presentence investigative report.  I'll receive the evidence.  I'll
> hear the argument, and then I'll make a decision on that date.
>
> And, like I said, my decision cannot exceed 35 years.  I'm
> not saying it's going to be 35 years; I don't know what it's going
> to be.  But it can't exceed 35 years, or you have the absolute
> right to take back your plea.

*Id.* at 214.  The judge asked French if he had any questions and French

answered, "No."  *Id.*  The judge reiterated that he had accepted the plea,

withheld adjudication of guilt, and withheld imposition of sentence.  *Id.* at

215.

At proceedings held December 21, 2015, after hearing testimony

from French's mother and from French, the judge adjudicated French guilty

pursuant to his plea, finding a factual basis for the plea.  Ex. B1 at 112.

The judge sentenced him, on Count 1, to 30 years in prison, with a 25-year

minimum mandatory term, followed by 5 years of probation; on Counts 2

through 6, to 15 years in prison on each count to run concurrent with each

other and with the sentence on Count 1; on Counts 8 and 9, to 5 years in

prison on each count, to run concurrent with each other and with the

sentence on Count 1.  *Id.* at 118, 120; *see id.* at 133-52.  Count 7 was nol

prossed.  *Id.* at 112, 133.   By order on July 7, 2016, nunc pro tunc

September 24, 2015, the circuit court found French competent to proceed to trial.  Ex. B2 at 172.

French appealed his judgment and sentence to the First District Court of Appeal (DCA), assigned case number 1D15-5940, and his court-appointed counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967).  Ex. B4.  French filed a pro se brief and raised two points, citing Florida and federal law:  (1) the trial court abused its discretion in finding him competent to proceed based on a stale competency evaluation; and (2) the trial court erred by failing to enter a written order declaring competency.  Ex. B7 at ii.  On August 1, 2017, the First DCA per curiam affirmed the case without a written opinion.  Ex. B8; French v. State, 228 So. 3d 554 (Fla. 1st DCA 2017) (table).  The mandate issued August 29, 2017.  Ex. B9.

On February 15, 2018, French filed a pro se motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850, raising six grounds, all alleging ineffective assistance of counsel (IAC).  Ex. C1 at 11-33.  On May 29, 2019, the state post-conviction court rendered an order summarily denying the Rule 3.850 motion.  *Id.* at 34-39 (exclusive of

attachments).  French appealed.  *Id.* at 157-59.  On January 10, 2019, the

First DCA per curiam affirmed the case, assigned number 1D18-2749,

without a written opinion.  Ex. C3; <u>French v. State</u>, 262 So. 3d 166 (Fla. 1st

DCA 2019) (table).  French filed an initial brief in the case on January 17,

2019.  Ex. C2.  By order on January 28, 2019, the First DCA struck

French's brief as untimely filed.  Ex. C4.  The mandate issued February 7,

2019.  Ex. C5.

As indicated above, French filed a § 2254 petition in this Court on or

about February 12, 2019.  ECF No. 1.  He raises two grounds:

(1) **State Court Error**:  The state trial court and the First DCA
denied French due process of law by holding criminal
proceedings while he is mentally incompetent, and the trial
court proceeded without a written order.  *Id.* at 5.

(2) **Ineffective Assistance of Counsel**:  French was deprived
of due process when his attorney allowed him to be
convicted based on an open plea that was not voluntarily
made and trial counsel knew the plea was involuntary.  *Id.* at
7.

Respondent filed an answer, with exhibits.  ECF No. 18.  French has filed a

reply, ECF No. 19, and an amended reply, ECF Nos. 20, 21.

## Analysis

Pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), federal courts may grant habeas corpus relief for persons in state custody.  Section 2254(d) provides, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  *See, e.g.,* Cullen v. Pinholster, 563 U.S. 170, 180-83 (2011); Gill v. Mecusker, 633 F.3d 1272, 1287-88 (11th Cir. 2011).  "This is a 'difficult to meet' and 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt.'"  Cullen, 563 U.S. at 181 (quoting Harrington v. Richter, 562 U.S. 86, 102 (2011), and Woodford v. Visciotti, 537 U.S. 19, 24 (2002)).

This Court's review "is limited to the record that was before the state court that adjudicated the claim on the merits." *Id.*

For IAC claims, the United States Supreme Court has adopted a two-part test:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

Strickland v. Washington, 466 U.S. 668, 687 (1984). To demonstrate ineffectiveness, a "defendant must show that counsel's performance fell below an objective standard of reasonableness." *Id.* at 688. To demonstrate prejudice, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* For this Court's purposes, importantly, "[t]he question 'is not whether a federal court believes the state court's determination' under the Strickland standard 'was incorrect but whether that determination was

unreasonable – a substantially higher threshold.'" <u>Knowles v. Mirzayance</u>, 556 U.S. 111, 123 (2009) (quoting <u>Schriro v. Landrigan</u>, 550 U.S. 465, 473 (2007)).  "And, because the <u>Strickland</u> standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Id.*  It is a "doubly deferential judicial review that applies to a <u>Strickland</u> claim evaluated under the § 2254(d)(1) standard." *Id.*

The <u>Strickland</u> test applies to IAC claims arising out of the plea process.  <u>Hill v. Lockhart</u>, 474 U.S. 52, 57-58 (1985).  When a defendant has entered a plea while represented by counsel, as here, "the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" *Id.* at 56 (quoting <u>McMann v. Richardson</u>, 397 U.S. 759, 771 (1970)).  "[A] defendant who pleads guilty upon the advice of counsel 'may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in <u>McMann</u>.'" *Id.* at 56-57 (quoting <u>Tollett v. Henderson</u>, 411 U.S. 258 (1973)).  That a plea is one of nolo contendere, as here, rather than guilty, does not warrant a different analysis for purposes of federal habeas corpus.  *See* <u>North Carolina v. Alford</u>, 400 U.S. 25, 35-37 (1970); *see also*

<u>Florida v. Royer</u>, 460 U.S. 491, 495 n. 5 (1983) (explaining that "[u]nder Florida law, a plea of nolo contendere is equivalent to a plea of guilty").

### <u>Ground 1</u>:  Court Error – Competency Determination & Order

In his first ground, Petitioner French asserts he was denied due process because (a) the state trial court and the First DCA conducted proceedings while he is mentally incompetent, and (b) the trial court proceeded without a written order on competence.  ECF No. 1 at 5.  As Respondent indicates, these claims are similar to the two points French raised in the pro se initial brief he filed in his direct appeal, although Respondent asserts the second claim is not exhausted because French did not fairly present it as a federal claim.  *See* Ex. B7; ECF No. 18 at 7-9.  The First DCA per curiam affirmed that case without a written opinion.  Ex. B8.

Even assuming both claims were exhausted, they lack merit and should be denied.  As referenced above, after French's counsel moved to have an expert appointed to determine whether he was competent to stand trial, the state trial court ultimately appointed Dr. Henry Doenlen, M.D., to conduct the evaluation, Ex. B1 at 25-27, and Dr. Doenlen filed his report, concluding French was incompetent to proceed, on September 23, 2014, Ex. B1 at 39-47.  The prosecutor moved for appointment of a second expert, and the trial court appointed Dr. R. Scott Benson, M.D., to evaluate

French, Ex. B2 at 38; Dr. Benson filed his report on January 12, 2015,

finding French competent to stand trial, Ex. B1 at 53-57. French's counsel

then arranged to have third evaluation done, by Dr. Lawrence J. Gilgun,

Ph.D., and Dr. Gilgun's report was filed on January 8, 2015, concluding that

French was incompetent, Ex. B1 at 48-52. The trial court held a

competency hearing on February 6, 2015, although the record, neither here

nor in state court, does not contain a transcript of this hearing. See Exs. A,

B1 at 84, B10; *see also* ECF No. 18 at 24 n.1. The trial court found French

competent to proceed. *See* Exs. A at 8, B10.

As also set forth above, on August 28, 2015, French's counsel filed a

Renewed Motion to Determine Competency/Incompetency. Ex. B1 at 84.

The case proceeded to jury selection and, on September 30, 2015, as the

trial was about to begin, French decided to consider a plea offer from the

State. *Id.* at 179-81. At this point, defense counsel asked the court to

reconsider the competency finding. *Id.* at 181. The judge ruled on the

record, "I decline to find that he's incompetent based upon the information

that I have, and the observations." *Id.* Following a lengthy discussion and

colloquy on the record, French entered the plea, the judge accepted the

plea as freely and voluntarily made, *id.* at 190-214; on December 21, 2015,

the court adjudicated French guilty, found a factual basis for the plea, and

sentenced him, Ex. B1 at 112, 118, 120, 133-52.  As further indicated above, the state trial court entered a written order on July 7, 2016, nunc pro tunc September 24, 2015, finding French competent to proceed to trial.  Ex. B at 172.

In Dusky v. United States, the U.S. Supreme Court set forth a two-pronged standard for determining legal competency:  "[T]he test must be whether [the defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding – and whether he has a rational as well as factual understanding of the proceedings against him."  362 U.S. 402 (1960); *see* Lawrence v. Sec'y, Fla. Dep't of Corr., 700 F.3d 464, 481 n.5 (11th Cir. 2012).  "The state court's factual conclusions regarding a defendant's competence to stand trial are entitled to a presumption of correctness, and can be overcome only with clear and convincing evidence of incompetence."  Pardo v. Sec'y, Fla. Dep't of Corr., 587 F.3d 1093, 1101 (11th Cir. 2009).  "Evidence of incompetence 'must indicate a present inability to assist counsel or understand the charges' [and] [a]bsent evidence of such an inability, evidence of low intelligence, mental deficiency, bizarre, volatile, or irrational behavior, or the use of anti-psychotic drugs is not sufficient to show incompetence to stand trial."  *Id.* (quoting Medina v. Singletary, 59 F.3d 1095, 1106 (11th Cir. 1995)).

In this case, as discussed in detail above, the report of Dr. Benson, the transcripts of the plea hearing and the sentencing hearing, and the trial court's written order support the competency determination. At no point in this case does it appear that the court adjudicated French incompetent. *See* Ex. A. The record reflects the trial judge knew various doctors had examined French and one had found him competent to proceed. The judge declined defense counsel's request to revisit the competency determination when French decided to enter his plea. Nothing indicates defense counsel had new evidence or information at this point. *See* Ex. B3 at 181-82. The record of the plea hearing demonstrates that French participated in the hearing, had meaningful discussion with counsel and the judge, and understood the charges against him and the terms of the plea. *Id.* at 179-215. The trial court also rendered a written order on July 7, 2016, nunc pro tunc September 24, 2015, finding French competent to proceed to trial. Ex. B at 172. *Cf.* Ross v. State, 155 So. 3d 1259 (Fla. 1st DCA 2015) ("In order to proceed against a defendant who has been adjudicated incompetent, the trial court first must hold a hearing to determine whether the defendant's competency has been restored, review evidence from experts during the hearing, make an independent determination that the defendant's competence has been restored, and

enter a written order to that effect.").

To the extent French here asserts not a substantive competency claim, but a procedural competency claim pursuant to Pate v. Robinson, 383 U.S. 375 (1966), that the trial court erred by not ordering another competency hearing at the time French indicated he wanted to plea, such claim also lacks merit.  Nothing indicates French's behavior or conduct at that point raised "a 'bona fide doubt' regarding [his] competence to stand trial."  Pardo, 587 F.3d at 1099-1100 (quoting Pate, 383 U.S. at 385-86). The trial court had held a competency hearing approximately seven months earlier and found French competent to proceed.  Exs. A at 8, B1 at 84, B10; *see also* ECF No. 18 at 24 n.1.

To the extent French asserts the trial court should not have proceeded without a written order, this claim also lacks merit.  *See* Corbitt v. State, 744 So. 2d 1130 (Fla. 2d DCA 1999) ("[W]here the trial court has entered an oral finding that the defendant is competent, but no written order of competency has been entered, the proper remedy is to affirm the judgment and to remand the case to the trial court for entry of a *nunc pro tunc* order finding the defendant competent to stand trial."); *see also*, *e.g.*, Hampton v. State, 988 So. 2d 103, 104 (Fla. 2d DCA 2008) (withdrawing earlier opinion that had reversed case and remanded for new trial where

the record contained only a written pretrial order finding Hampton incompetent "but no order finding that he had become competent prior to his waiver of his right to trial by jury and the commencement of his bench trial," and explaining that the trial court had orally found Hampton competent before he waived his right to a jury trial "but erroneously failed to enter the required written order" and, accordingly, affirmed the case and remanded "for entry of the appropriate written order nunc pro tunc"). Here, as explained previously, the trial court at no point found French incompetent, at two different points made oral findings of competency (February 2015 and September 2015), and entered a written order on July 7, 2016, nunc pro tunc September 24, 2015, finding French competent to proceed to trial. *See* Ex. A, Ex. B at 172.

Based on the foregoing, Petitioner French has not shown that the state court's rejection of this ground involved an unreasonable application of clearly established federal law or that it was based on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(1)-(2). Accordingly, this ground should be denied.

### Ground 2:  IAC – Involuntary Plea

In his second ground, French asserts his attorney provided ineffective assistance by allowing him to enter an involuntary plea based on his

alleged incompetence. ECF No. 1 at 7. As Respondent indicates, this claim is similar to the first ground French raised in his state Rule 3.850 motion. *See* Ex. C1 at 14-17; ECF No. 18 at 11. The state post-conviction trial court denied that ground, making the following findings:

> The Defendant claims that his counsel was ineffective for allowing him to enter into a plea "that was not voluntarily made." The Defendant is not entitled to relief on this ground. The Court's comprehensive, thorough, and exhaustive colloquy with the Defendant conclusively demonstrates that the Defendant's plea was voluntary. Attachment 5; Attachment 6, at 34-36.

> As the Fourth District Court of Appeal has explained, "[a] plea conference is not a meaningless charade to be manipulated willy-nilly after the fact; it is a formal ceremony, under oath, memorializing a crossroads in the case. What is said and done at a plea conference carries consequences." Scheele v. State, 953 So. 2d 782, 785 (Fla. 4th DCA 2007). The Defendant cannot go behind his sworn assertions in a plea colloquy. Ezer v. State, 10 So. 3d 1175 (Fla. 4th DCA 2009).

Ex. C1 at 35-36. On appeal, the First DCA affirmed.

As Respondent indicates, defense counsel did all he could to try to get the trial court to revisit the competency/incompetency issue. That the trial court rejected that request, and found French competent, does not render counsel's performance ineffective.

Moreover, as referenced above, the state court record supports the post-conviction court's findings that the trial judge conducted a comprehensive, thorough, and exhaustive colloquy with French. See Ex.

B3 at 179-215.  The language of the written plea agreement sentence

recommendation signed by French reflects that French certified, among

other things, "If represented by an attorney, I am satisfied with the

attorney's advice and services and my attorney has not compelled or

induced me to enter into this Sentence Recommendation by any force,

duress, threats or pressure."  Ex. B1 at 86.  *See, e.g.,* Blackledge v. Allison,

431 U.S. 63, 73-74 (1977) ("[T]he representations of the defendant, his

lawyer, and the prosecutor at [the plea hearing], as well as any findings

made by the judge accepting the plea, constitute a formidable barrier in any

subsequent collateral proceedings. Solemn declarations in open court carry

a strong presumption of verity. The subsequent presentation of conclusory

allegations unsupported by specifics is subject to summary dismissal, as

are contentions that in the face of the record are wholly incredible."); *see*

*also* Stano v. State, 520 So.2d 278, 279-80 (Fla. 1988) (affirming summary

denial of Rule 3.850 motion and agreeing with trial court's finding: "Once

the Defendant enters a plea of guilty before this Court, and assures the

Court under oath that the plea is voluntary, the Court will not go behind the

plea. The plea cuts off inquiry into all that precedes it. The Defendant is

barred from contesting events happening before the plea.").

        Based on the foregoing, Petitioner French has not shown that the

state court's rejection of this ground involved an unreasonable application of clearly established federal law or that it was based on an unreasonable determination of the facts.  *See* 28 U.S.C. § 2254(d)(1)-(2).  Accordingly, this ground should be denied.

## Conclusion

Petitioner French is not entitled to federal habeas relief.  Accordingly, it is respectfully **RECOMMENDED** that French's § 2254 petition, ECF No. 1, be **DENIED**.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted). Therefore, the Court should deny a certificate of appealability.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  The parties shall make any argument as to whether a certificate should issue by filing objections to this Report and Recommendation.

Leave to appeal in forma pauperis should also be denied.  *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

<u>**Recommendation**</u>

It is therefore respectfully **RECOMMENDED** that the Court **DENY** the § 2254 petition (ECF No. 1).  It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on January 22, 2020.

**S/  Charles A. Stampelos**_____
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.